IN DISTRICT COURT
COUNTY OF BURLEIGH
STATE OF NORTH DAKOTA
SOUTH CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| Christina Tosseth, individually and as next best friend of Jaide Tosseth, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Remington Arms Company, LLC and Beretta U.S.A. Corp.,<br><br>Defendant. | CASE NO. 08-2018-CV-02944 |

## Summons

THE STATE OF NORTH DAKOTA TO THE ABOVE NAMED DEFENDANTS:

¶1  You are hereby summoned and required to appear and defend against the Complaint in this action, a copy of which is served upon you, by serving upon the undersigned an answer or other proper response within twenty-one (21) days after the service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

(THIS SPACE INTENTIONALLY LEFT BLANK)

Page 1 of 2
*Summons*

Exhibit "A"

Dated this 12th day of October, 2018.

        PAGEL WEIKUM, PLLP
        1715 Burnt Boat Drive
        Madison Suite
        Bismarck, ND 58503
        (701) 250-1369
        Correspondence: *jweikum@pagelweikum.com*
        Service: *jweikumservice@pagelweikum.com*

By: /s/ Jeffrey S. Weikum
     Jeffrey S. Weikum
     ND Lic. No. 05344

ATTORNEY FOR PLAINTIFF

IN DISTRICT COURT
COUNTY OF BURLEIGH
STATE OF NORTH DAKOTA
SOUTH CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| Christina Tosseth, individually and as next best friend of Jaide Tosseth, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Remington Arms Company, LLC and Beretta U.S.A. Corp.,<br><br>Defendants. | CASE NO. 08-2018-CV-02944 |

## Complaint

¶ 1  Plaintiff, by her attorney of record, for her causes of action against the above named defendants, states and alleges the follows:

### PARTIES

¶ 2  Plaintiff Christina Tosseth is a resident of the City of Bismarck, County of Burleigh, State of North Dakota and is the natural mother of Jaide Tosseth, deceased, and brings this action in that capacity and as "next best friend" of Jaide Tosseth, deceased on behalf of the deceased and the heirs and next of kin.

¶ 3  At the time of her death, Jaide Tosseth was a resident of the City of Bismarck, County of Burleigh, State of North Dakota.

¶ 4 Defendant Remington Arms Company, LLC is a for-profit corporation having its principle place of business in Madison, NC and is registered with the North Dakota Secretary of State and is engaged in the business of manufacture and sale of, among other things, firearm ammunition.

¶ 5 Defendant Beretta U.S.A. Corp, is a for-profit corporation having its principle place of business in Accokeek, Maryland and engages in business and conducts business transactions in the lawful commerce of firearms in the State of North Dakota.

### FACTUAL BACKGROUND

¶ 6 On October 16th 2016 members of the Tosseth family were target shooting at a gun range in Burleigh County, North Dakota. At that time and place the Tosseth family was using .22 caliber rim fire firearms manufactured by defendant Beretta U.S.A. Corp and .22 caliber rim fire ammunition manufactured by Remington Arms Company, LLC.

¶ 7 During this target shooting, the Tosseth family experienced a "hang fire" incident with this firearm and ammunition. The ammunition failed to fire after being struck by the firing pin of the firearm. During this incident the firearm unexpectedly discharged without the trigger being pulled and the bullet struck Jaide Tosseth causing severe injury and her death.

### CAUSES OF ACTION

#### PRODUCTS LIABILITY / STRICT LIABILITY/NEGLIGENCE

¶ 8    Plaintiff repeats and incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

¶ 9    Remington Arms Company, LLC manufactured the .22 caliber ammunition which failed to fire appropriately and caused injury and death. Upon information and belief and pending further investigation, the ammunition manufactured by Remington Arms Company, LLC failed to perform appropriately thereby causing or contributing to the failure to fire. The failure of the product to perform appropriately was a result of the manufacture, construction, design, assembly, testing, failure to warn/instruct or other similar product liability issue. These actions or inactions on the part of Remington Arms Company, LLC also constitute negligence and breach of duty to plaintiffs.

¶ 10   Beretta U.S.A. Corp. manufactured the .22 caliber firearm which failed to appropriately fire .22 caliber ammunition which failed to fire appropriately and caused injury and death. Upon information and belief and pending further investigation, the firearm manufactured by Beretta U.S.A. Corp. failed to perform appropriately thereby causing or contributing to the failure to fire. The failure of the product to perform appropriately was a result of the manufacture, construction, design, assembly, testing, failure to warn/instruct or other similar product liability issue. These actions or inactions on the part of Beretta U.S.A. Corp. also constitute negligence and breach of duty to plaintiffs.

## DAMAGES

¶11.   Plaintiff repeats and incorporates by reference all other paragraphs of this complaint as if fully set forth herein.

¶12   As a direct and proximate result of defendants negligent acts and/or omissions described above, the damages for which the plaintiff seeks recovery in an amount that the jury determines to be fair and reasonable, including the following:

a. Survival Action: Damages for injuries and damages sustained by the deceased, both economic and non-economic, had death not ensued.

b. Mental Anguish: To the deceased prior to death.

c. Past & Future Mental Anguish: Which the Plaintiff has endured in the past and will, in reasonable probability, endure in the future.

d. Past & Future Loss of Earning/Earning Capacity: Damages which the deceased and/or the plaintiff has or will sustain for the loss of earning and/or earning potential in the future.

e. Past & Future Loss of Parent/Child Consortium: As a direct result of Jaide Tosseth's death, plaintiff will and has suffered damages to the mutual right of the parent and child to the affection, solace, comfort, companionship, assistance and emotional support. Accordingly, plaintiff has sustained a loss of consortium in the past and will sustain loss of consortium in the future.

f.   Wrongful Death:   As a direct result of the actions of the defendant(s), the death of Jaide Tosseth ensued, for which the deceased and/or the plaintiff is entitled to compensation and damages.

¶ 13   WHEREFORE, the plaintiff, demands judgment against the defendants individually, in a reasonable sum in excess of Fifty Thousand ($50,000.00) Dollars, together with costs and disbursements herein, including pre-judgment interest as may be allowed by applicable law and further relief as the Court may deem just and proper.

Dated this 12th day of October, 2018

PAGEL WEIKUM, PLLP
1715 Burnt Boat Drive
Madison Suite
Bismarck, ND 58503
(701) 250-1369
Correspondence: *jweikum@pagelweikum.com*
Service: *jweikumservice@pagelweikum.com*

By: /s/ Jeffrey S. Weikum
   Jeffrey S. Weikum
   ND Lic. No. 05344

ATTORNEY FOR PLAINTIFFS

IN DISTRICT COURT
COUNTY OF BURLEIGH
STATE OF NORTH DAKOTA
SOUTH CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| Christina Tosseth, individually and as next best friend of Jaide Tosseth, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Remington Arms Company, LLC and Beretta U.S.A. Corp.,<br><br>Defendant. | CASE NO. 08-2018-CV-02944 |

## Demand for Jury Trial

¶1   Plaintiff hereby demands a trial by jury consisting of the minimum number of jurors as are allowed by law.

Dated this 12th day of October, 2018.

PAGEL WEIKUM, PLLP
1715 Burnt Boat Drive
Madison Suite
Bismarck, ND 58503
(701) 250-1369
Correspondence: *jweikum@pagelweikum.com*
Service: *jweikumservice@pagelweikum.com*

By: /s/ Jeffrey S. Weikum
    Jeffrey S. Weikum
    ND Lic. No. 05344

ATTORNEY FOR PLAINTIFF