IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Christina Tosseth, individually and as next best friend of Jaide Tosseth, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Remington Arms Company, LLC and Beretta U.S.A. Corp.,<br><br>Defendants. | CASE NO. 1-18-cv-00230-DLH.CSM |

## Plaintiff's Request to Modify ¶3 of the *Order Amending Scheduling Order* (Doc. 27) and Plaintiff's Request to Extend Response Time to Beretta's Motion for Summary Judgment (Doc. 36)

¶1   Comes now the undersigned counsel on behalf of the plaintiff and requests a status conference with the Court and counsel for Beretta for the purposes of *Plaintiff's Request to Modify ¶3 of the Order Amending Scheduling Order (Doc. 27) and Plaintiff's Request to Extend Response Time to Beretta's Motion for Summary Judgment (Doc. 36)*.

¶2   The plaintiff's request is necessitated as a result of the following facts.

¶3   On January 24th, 2020 Beretta placed in the United States mail its expert disclosures including the liability reports of Michael Shain and Lucien Haag. The undersigned counsel for the plaintiff received these disclosures either on January 27th or 28th, 2020.

¶4  On February 10th, 2020 Beretta took the discovery deposition of plaintiff's expert in Denver, CO. At that deposition the undersigned counsel advised that he intended to take the discovery deposition of Beretta's experts Shain and Haag. Counsel for Beretta suggested that the parties hold off on the Shain and Haag depositions and rather explore the possibility of a settling the matter. Counsel for Beretta requested a settlement demand from plaintiff.

¶5  On February 12th, 2020 the undersigned counsel submitted a settlement demand via email to counsel for Beretta.

¶6  Additionally, on February 12th, 2020 the undersigned counsel's staff reached out to counsel for Beretta's staff requesting dates in the end of February / beginning of March for the depositions of Shain and Haig.

¶7  Between February 12th, 2020 and March 6th, 2020 email discussions went back and forth the staff of both parties working out the schedule for the depositions of Shain and Haig. The communication was typical of two (2) offices attempting to coordinate between the schedules of the expert witnesses and counsel. The communication was consistent and appropriate. The deposition dates offered by Beretta's counsel during this time period included dates in February, March and April of 2020.

¶8  This email exchange also included a March 5th, 2020 email in which staff for the counsel of Beretta offered deposition dates for Haag of April 4th, 7th, 20th and 22nd, 2020. The same email also offered deposition dates for Shain of April 3rd, 8th, 9th, 15th, 16th and 17th, 2020.

¶9  Staff for the undersigned counsel for the plaintiff replied to the above March 5th, 2020 email on March 6th, 2020 and advised that the April 22nd, 2020 date for the Haag deposition would work. Also the same March 6th, 2020 email reply advised that it was likely the April 15th, 2020 date would work given some attempts to free up the undersigned's trial calendar.

Page **2** of **4**
*Plaintiff's Request to Modify ¶3 of the Order Amending Scheduling
Order (Doc. 27) and Plaintiff's Request to Extend Response Time
to Beretta's Motion for Summary Judgment (Doc. 36)*

¶10	From that point forward the undersigned counsel was operating under the understanding that the Haag deposition would be occurring April 22nd, 2020 and that the Shain deposition would be set on April 15th, 2020 upon confirmation of some changes to the undersigned trial calendar.

¶11	Then COVID-19 hit.

¶12	On March 13th, 2020 Beretta filed its *Motion for Summary Judgment (Doc. 36)*.

¶13	The undersigned's had three (3) jury trials continued by the respective COVID-19 state court orders freeing up a significant amount of time from March 30th – April 30th, 2020. So on March 30th, 2020 the undersigned and the undersigned's staff reached out to counsel for Beretta inquiring as to whether the Haag and Shain depositions could be conducted by video conference to accommodate both safety and timing given the COVID-19 issues.

¶14	On March 31, 2020 the undersigned received a letter from counsel for Beretta <u>revoking</u> the agreement to conduct the deposition of Haag as scheduled on April 22, 2020 and <u>revoking</u> the agreement to schedule the Shain deposition in April. (See above fact discussion).

¶15	This was the first time in any of these discussions (from February 12th, 2020 until March 31, 2020) regarding the scheduling of the depositions of Shain and Haag that counsel for Beretta cited ¶3 of the *Order Amending Scheduling Order (Doc. 27)* and asserted that because the undersigned counsel for the plaintiff had not requested an extension to the March 1, 2020 deadline counsel for Beretta was <u>revoking</u> the prior agreements.

¶16	It is important to remember that counsel for Beretta was offering the dates for the Haag and Shain depositions in March and April of 2020.

¶17	Beretta's position runs contrary to both the law and appropriate conduct of counsel.

Page **3** of 4
*Plaintiff's Request to Modify ¶3 of the Order Amending Scheduling
Order (Doc. 27) and Plaintiff's Request to Extend Response Time
to Beretta's Motion for Summary Judgment (Doc. 36)*

¶18   If the Court would like a more detailed fact rendition or copies to the email chains supporting the above, the undersigned will provide.

¶19   The undersigned needs the depositions of Shain and Haag to respond to Beretta's motion for summary judgment. The undersigned requests that the Court modify the statutory response time so that the undersigned has seven (7) days from the receipt the deposition transcripts of Shain and Haag to submit the response.

¶20   Given the above, the undersigned counsel respectfully requests the following:

    a. That the Court modify ¶3 of the *Order Amending Scheduling Order* (Doc. 27) to allow the undersigned to take the depositions of Shain and Haag; and

    b. That the Court and Plaintiff's Request to Extend Response Time to Beretta's Motion for Summary Judgment (Doc. 36) so that the undersigned has seven (7) days from the receipt the deposition transcripts of Shain and Haag to submit the response.

Dated this 2nd day of April, 2020.

PAGEL WEIKUM, PLLP
1715 Burnt Boat Drive
Madison Suite
Bismarck, ND 58503
(701) 250-1369
Correspondence: *jweikum@pagelweikum.com*
Service: *jweikumservice@pagelweikum.com*

By: /s/ *Jeffrey S. Weikum*
    Jeffrey S. Weikum
    ND Lic. No. 05344

ATTORNEY FOR PLAINTIFF