IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Christina Tosseth, individually and as next best friend of Jaide Tosseth, deceased,<br><br>        Plaintiff,<br><br>  v.<br><br>Remington Arms Company, LLC and Beretta U.S.A. Corp.,<br><br>        Defendants. | CASE NO. 1-18-cv-00230-DMT-CRH |

**Plaintiff's Reply to Beretta's Response to Plaintiff's Request to Modify ¶3 of the *Order Amending Scheduling Order* (Doc. 27) and Plaintiff's Request to Extend Response Time to Beretta's Motion for Summary Judgment (Doc. 36)**

### Death of Jaide Tosseth

¶1    On October 16th, 2016 four (4) of the five (5) members of the Tosseth family were recreationally target shooting at the gun range in the McLean Bottoms in rural Burleigh County. The Tosseth family members present at the gun range were Andrew Tosseth and his three (3) minor children, including his fourteen (14) year old daughter, Jaide Tosseth. (*Deposition of Andrew Tosseth*, pgs. 156-165)(Doc. 27-3).

¶2    One of the firearms being used by the Tosseth family was a Beretta NEOS .22 caliber pistol manufactured by defendant Beretta. As the Tosseth family was target shooting the Beretta NEOS malfunctioned causing a chambered cartridge to both not fire and to become lodged in the

chamber of the pistol. Andrew Tosseth was attempting to extract the cartridge when it went off. (*Deposition of Andrew Tosseth*, pgs. 156-165)(Doc. 27-3)

¶3	The bullet from the cartridge struck Jaide Tosseth causing her death. (*Complaint*, ¶7) (Doc. 37-10)

## Procedural Posture

¶4	As is stated in the very first sentence of ¶1 of *Plaintiff's Request to Modify ¶3 of the Order Amending Scheduling Order (Doc. 27) and Plaintiff's Request to Extend Response Time to Beretta's Motion for Summary Judgment (Doc. 36)*, the undersigned counsel requested a <u>status conference</u> pursuant to D.N.D. Civ. L.R. 37.1 (A) to discuss the issues identified.

¶5	Given the scope and general tenor of *Beretta U.S.A. Corp's Response to Plaintiff's Request to Modify Order Amending Scheduling Order [Dkt.27] and Request to Extend Time to Respond to Motion for Summary Judgment [Dkt. 36] and Memorandum in Support* (Doc. 42), the undersigned on behalf of the Tosseth family provides the following reply which is unquestionably much broader and more detailed in scope at this stage of the proceedings than is contemplated by D.N.D. Civ. L.R. 37.1 (A).

## Issues

¶6	The issues for the Court are very simple.

¶7	The Tosseth family intends to take the depositions of the two (2) liability experts (Lucien C. Haag and Michael Shain) both of whom Beretta disclosed, along with their reports, on January 24, 2020.

¶8  The Tosseth family intends to use the deposition transcripts of Beretta's experts to respond to *Beretta's Motion for Summary Judgment (Doc. 36)* which relies heavily on the reports and opinions of Haag and Shain.

¶9  Both the taking of expert discovery depositions and the use of those deposition transcripts in briefing summary judgment motions are standard procedure for all parties in a case. It is appropriate that the Tosseth family be allowed to do both.

### Scheduling of Haag and Shain Discovery Depositions

¶10  The timing and scheduling of the Haag and Shain depositions is set forth below.

¶11  On January 24, 2020 Beretta disclosed Haag and Shain as Beretta's liability experts along with their reports which were dated January 24, 2020 and January 23, 2020 respectively. (See *Affidavit of Jeffrey S. Weikum* ¶ 2)

¶12  On Friday, January 24, 2020 the undersigned counsel for the Tosseth family was in the final day of a three (3) week personal injury jury trial in a separate matter captioned *Robert Todd Simmons vs. Cudd Pressure Control Inc., et al. / Case No. 53-2014-CV-00665* in Williston, North Dakota. The *Simmons* matter concluded by verdict late afternoon that Friday and the undersigned counsel returned to Bismarck on Saturday afternoon (January 25, 2020) for the first time in three (3) weeks. (*Id. at ¶3*)

¶13  The following week on either January 28th (Tuesday) or 29th (Wednesday) of 2020 the undersigned reviewed Beretta's disclosures in preparation for the scheduled defense discovery deposition of one of the Tosseth families' liability experts, Jack Belk which was scheduled to occur February 10, 2020. (*Id. at ¶4*)

¶14     At the defense discovery deposition of Jack Belk on February 10, 2020 the undersigned spoke with Craig Livingston, counsel for Beretta, and advised that the undersigned intended to take the discovery deposition of Beretta's experts Shain and Haag. Further, counsel for Beretta suggested that the Tosseth family hold off on the taking the discovery depositions of Shain and Haag and explore the possibility of reaching a settlement. In that same discussion counsel for Beretta requested a settlement demand from plaintiff. (*Id. at ¶5*)

¶15     In response to Beretta's request, on February 12th, 2020 the undersigned counsel submitted a settlement demand via email to counsel for Beretta. (See partially redacted February 12, 2020 email from the undersigned to counsel for Beretta.) (Attached as *Exhibit Q* to the *Affidavit of Jeffrey S. Weikum*).

¶16     Approximately five (5) minutes later on the same date (February 12, 2020), even though Beretta's counsel had suggested holding off on the taking the discovery depositions of Shain and Haag and exploring the possibility of reaching a settlement, the undersigned counsel sent out an email (reproduced below) that included counsel and staff for Beretta and instructed the undersigned's staff as follows:

> *Wendy/Cami Jo-*
>
> *Can you work with Craig's office on setting up the depositions of Beretta experts Haag and Shain?*
>
> *It would be best if we could do Shain in Denver on either the front or backend of a trip to do Haag in Arizona.*
>
> *Craig has a trial in March sometime that will be consuming a fair amount of prep so let's see if we can get these scheduled sooner rather than later.*
>
> *Jeff*

(See February 12, 2020 email from the undersigned to counsel for Beretta.) (Attached as *Exhibit R* to the *Affidavit of Jeffrey S. Weikum*).

¶17	It is of note that the third paragraph of the above email contained information that the undersigned received from counsel for Beretta regarding his trial conflict calendar during the month of March. It is further of note, the undersigned included this directive to staff as a courtesy to incorporate counsel for Beretta's conflict into the scheduling of the Haag and Shain depositions. (*Id. at ¶6*)

¶18	The undersigned's February 12, 2020 email was followed by twenty-one (21) additional emails between Tosseth's counsel/staff and Beretta's counsel/staff through March 6, 2020 eventually culminating in a date for the Haag deposition and a likely date for the Shain deposition. (Attached as *Exhibit S* through *Exhibit MM* to the *Affidavit of Jeffrey S. Weikum.*)

¶19	These were and are very prudent and aggressive attempts to schedule the Haag and Shain depositions around multiple conflicts and travel issues. Between February 12th, 2020 and March 6th, 2020 email discussions went back and forth between the staff of both parties trying to work out the schedule for the depositions of Shain and Haig. The communication was typical of two (2) offices attempting to coordinate the schedules of the expert witnesses and counsel. The communication was consistent and appropriate. The deposition dates offered by Beretta's counsel during this time period included dates in February, March and April of 2020. (*Id. at ¶7*)

¶20	As expected these efforts to schedule paid off. Importantly, on March 5, 2020 the undersigned's staff received the below reproduced email from the staff of Beretta's counsel offering dates for the discovery depositions of Haag and Shain:

> *Hello Wendy! I have a few dates in April that experts are available. Please confirm as soon as you can. Thank you.*
>
> *Mr. Haag 4/7 - 4/9; and 4/20 - 4/22 In Phoenix*
>
> *Mr. Shain 4/3; 4/8 - 4/9; 4/15 - 4/17 in downtown Denver.*

(See March 5, 2020 email from Beretta's counsel/staff to Tosseth's counsel/staff.) (Attached as *Exhibit KK* to the *Affidavit of Jeffrey S. Weikum*).

¶21   The very next day (March 6, 2020) the undersigned's staff replied to the above March 5, 2020 email from the staff Beretta's counsel and responded, that the offered date of April 22, 2020 for the Haag deposition worked and that the date of April 15, 2020 would likely work for the Shain deposition:

> *Hello Tracey:*
>
> *Jeff can do the 4/22/2020 deposition of Mr. Haag in Phoenix (he's in trial the other dates).*
>
> *Jeff is currently scheduled for trial the dates you provided for Mr. Shain but we are working on the possibility of freeing up one of those days (likely the April 15th date).*
>
> *We should know one way or the other very soon.*
>
> *Thank you for all the legwork!*
>
> *Wendy*

(See March 5, 2020 email from Tosseth's counsel/staff to Beretta's counsel/staff.) (Attached as *Exhibit LL* to the *Affidavit of Jeffrey S. Weikum*).

¶22   As of that moment the deposition of Haag for April 22, 2020 was placed on the undersigned's calendar and the undersigned began working to clear the potential conflict with April 15, 2020 date for the deposition of Shain. (*Id. at ¶8*)

¶23     Beretta suggests in the first paragraph of page nine (9) of Part C of *Beretta U.S.A. Corp's Response to Plaintiff's Request to Modify Order Amending Scheduling Order [Dkt.27] and Request to Extend Time to Respond to Motion for Summary Judgment [Dkt. 36] and Memorandum in Support* (Doc. 42) that the undersigned did not really intend to take the deposition of Haag on April 22, 2020 because of the undersigned's trial calendar.

¶24     Aside from the extremely offensive tenor of Beretta's suggestion, the argument is patently false and completely ridiculous.

¶25     At the time the March 6, 2020 email was sent to Beretta, the undersigned's late March/April trial conflict calendar was as follows:

        a.  March 30, 2020 – April 10, 2020
           *Kyle Harris v MLB Consulting, LLC, Petroleum Experience, Inc., Frac Tech Services, LTD, and Oasis Petroleum, LLC*
           Case No. 53-2015-cv-00360

        b.  April 14, 2020 – April 16, 2020
           *Heather A. Graner v. Orlin J. Kauffman and Burlington Electric, Inc.*
           Case No. 51-2018-CV-00033

(*Id. at ¶9*)

¶26     Those trial dates are perfectly consistent with the representations made by the undersigned's staff in the March 5, 2020 email from Tosseth's counsel/staff to Beretta's counsel/staff. (Attached as *Exhibit LL* to the *Affidavit of Jeffrey S. Weikum*).

¶27     Further, in an attempt to clear the way for taking the deposition of Shain on April 15, 2020 the undersigned was working with one of my law partners (attorney Scott Hager) to take over the trial of the *Heather A. Graner v. Orlin J. Kauffman and Burlington Electric, Inc.* Case No. 51-2018-CV-00033 matter. (*Id. at ¶10*)

¶28     Right in the middle of all of this, and <u>after</u> Beretta's counsel had proposed the April 22, 2020 date for Haag's deposition which had been accepted by the undersigned, on March 13th, 2020 Beretta filed its *Motion for Summary Judgment (Doc. 36)*. The undersigned is not asserting that there was anything inappropriate with the timing of the filing, it is simply noted so the Court understands the timing of filing in relation to everything else that is happening and in relation to the efforts to schedule depositions of Beretta's experts. The timing of the filing of the motion also coincidentally occurred in the context of the coronavirus outbreak and with the timing of the COVID-19 cancellations / orders etc. in North Dakota. (*Id. at ¶11*)

¶29     The transfer of the *Graner* matter from the undersigned to attorney Hager was in process when the COVID-19 lockdowns, orders and trial cancellations began in the States involved in this case (including North Dakota). (*Id.*)

¶30     On March 17th and 18th, 2020 the undersigned was in the state of Idaho preparing trial witnesses for *Harris* when notice was received that the *Harris* and *Graner* trials identified above in ¶26 (a) and (b) were continued by order of the Court for COVID-19 reasons. (*Id. at ¶12*)

**<u>COVID-19</u>**

¶31     As the Court is well aware the introduction of COVID-19 has sent a disruptive shockwave through the Courts, including the civil litigation schedule. Aside from the massive disruption to trial and hearing schedules, COVID-19 severely impacted litigation productivity and particularly the ability to travel for depositions and to get witnesses to travel or appear for the same.

¶32     In light of the COVID-19 issues, the undersigned on March 30, 2020 emailed counsel for Beretta and proposed conducting the depositions of Haag and Shain via videoconferencing and

Page **8** of **15**
*Plaintiff's Reply to Beretta's Response to Plaintiff's Request to Modify ¶3 of the
Order Amending Scheduling Order (Doc. 27) and Plaintiff's Request to Extend
Response Time to Beretta's Motion for Summary Judgment (Doc. 36)*

also inquired about extending the response deadlines of the summary judgment motion to accommodate the receipt for the Haag and Shain transcripts. The undersigned's March 30, 2020 email is reproduced as follows:

> *Good afternoon Craig –*
>
> *I hope this email finds you safe and healthy. At this juncture - our office is still open but a number of the ND Courts have temporarily suspended non-emergency hearings and trials.*
>
> *However - I am still in need of the depositions of Haag and Shain so that I can respond to MSJ.*
>
> *Given the COVID-19 and the uncertainty of the timing of the Haag and Shain depositions (if they are to be in person), I am willing to conduct the depositions via Zoom (videoconference) if that is agreeable to everyone. I realize that Denver is currently in lockdown so we would likely need to find a different location for Shain's Zoom deposition.*
>
> *I would then also propose that we agree to extend the deadline for plaintiff's response to Beretta's MSJ until after the (Haag / Shain) deposition transcripts are received.*
>
> *Thoughts?*
>
> *Jeff*

(See March 30, 2020 email from Tosseth's counsel/staff to Beretta's counsel/staff.) (Doc. 42-5). (*Id.* at 13.)

¶33   On March 31, 2020 the undersigned received a letter from counsel for Beretta <u>revoking</u> the agreement to conduct the deposition of Haag as scheduled on April 22, 2020 and <u>revoking</u> the agreement to schedule the Shain deposition in April. (See March 31, 2020 correspondence from Beretta's counsel/staff to Tosseth's counsel/staff.) (Doc. 42-6).

¶34   This was the first time in any of these discussions (which from February 12th, 2020 through March 31, 2020 discussed the scheduling of the depositions of Shain and Haag) that

counsel for Beretta cited ¶3 of the *Order Amending Scheduling Order (Doc. 27)* and asserted that because the undersigned counsel for the plaintiff had not requested an extension to the March 1, 2020 deadline, that counsel for Beretta was <u>revoking</u> the prior agreements for depositions of Beretta's experts. (*Id.* at 14.)

¶35    It is vitally important to remember that it was <u>counsel for Beretta who offered the dates for the Haag and Shain depositions in March and April of 2020 in the first place</u>.

¶36    It is patently deceptive and unjust for Beretta (during the month of February 2020) to provide dates for expert depositions in March and April of 2020 and then later assert those dates are beyond the March 1, 2020 deadline. (See for example *Exhibit AA* and *Exhibit EE* attached to the *Affidavit of Jeffrey S. Weikum*.)

¶37    If Beretta had asserted in February of 2020 that it was not going to allow depositions of its experts past the March 1, 2020 deadline, then the undersigned counsel would have requested the appropriate alteration to the scheduling order.

¶38    Beretta's deceptive, misleading and unjust actions are not proper conduct during litigation.

¶39    It is all the more inappropriate given the exceptionally cooperative steps taken by the Tosseth family in making both witnesses and evidence available to the defense. This includes the following:

>   a. The undersigned counsel personally transporting the incident artifacts to testing facilities in the Minneapolis area during a winter storm for a joint inspection and testing;

    b.   The undersigned counsel personally transporting the incident artifacts to the Arizona residence of defense expert Haag for a November 22, 2020 defense inspection and testing;

    c.   Rescheduling at the request of the defense, the depositions of the minor Tosseth children on the day they were to be deposed disrupting both school and college schedules as well as obviously re-visiting additional anxiety associated with re-preparing one's self for a deposition with this subject matter; and

    d.   Extraordinary steps (and cost to the Tosseth family) to present Jack Belk (who resides in rural Idaho) for expert deposition in Denver, Colorado to accommodate the defense's timetable. Interestingly this occurred using the same email scheduling process that was discussed above relative to the Haag and Shane depositions. (Attached are the as *Exhibit A* through *Exhibit P* to the *Affidavit of Jeffrey S. Weikum.*) (Also see, *Id.* at 15.)

¶40    Is it the Tosseth's (or the undersigned's position) that the accommodations ¶ 40 (a) – (d) are not how litigation is supposed to be handled? No. Rather, cooperation and working together to get at the truth and have cases decided on the merits is exactly how litigation should be conducted.

¶41    Parties should agree to informal modifications and also should live up to those modifications. This occurred when both Tosseth and Beretta informally agreed to change the due dates of their experts. However, Beretta cannot start down that path agree to a date and then withdraw that agreement after the date runs.

**Beretta Issues with Prior Scheduling Changes**

¶42    *Beretta U.S.A. Corp's Response to Plaintiff's Request to Modify Order Amending Scheduling Order [Dkt.27] and Request to Extend Time to Respond to Motion for Summary Judgment [Dkt. 36] and Memorandum in Support* (Doc. 42) goes back in the case and raises prior scheduling changes.

¶43    The undersigned is uncertain as to the reason but Beretta asserts that Tosseth has disclosed only one liability expert. That is not accurate. The Tosseth family has disclosed three (3) liability experts. One is Mr. Belk. The other two (2) are Christopher J. Brand, P.E. and Andrew Rynda, E.I.T. both of Crane Engineering, Inc. (*Id.* at 16.)

¶44    Beretta also points out that Belk was retained in early November 2019 and that he was provided case materials and exemplars until sometime around Thanksgiving of 2019. The undersigned is not sure why that would it matter in any situation. <u>However, from a practical standpoint the reason could be that the final testing of the artifacts occurred on November 22, 2019 at the Arizona residence of defense expert Haag</u>. It is generally far more expensive to send evidence and information on a piece-meal basis to a reviewing expert. It also generally results in the chasing of theories that are quickly ruled out by reviewing the evidence at the end of the gathering process. (*Id.* at 17.)

¶45    The Tosseth family could point out that Beretta experts Haag and Shain waited until January 24, 2020 and January 23, 2020 to write their reports. It could be they waited until the last minute, it could be they were not asked to do it before then, it could be they were waiting to incorporate more information, but ultimately it just does not matter.

¶46    Beretta is allowed to retain who they want, when they want and provide them the case materials in the manner they see fit. The Tosseth family is allowed to do the same.

¶47     Beretta also asserts that it should have been allowed to take the deposition of Belk in December of 2019. As discussed above, the undersigned was trial counsel in a three (3) week personal injury jury trial in a separate matter captioned *Robert Todd Simmons vs. Cudd Pressure Control Inc., et al. / Case No. 53-2014-CV-00665* in Williston, North Dakota. This was a hotly contested litigation on both the liability and damages. The case was extraordinarily time consuming. (*Id.* at 18.)

¶48     From the date of the disclosure of Belk's report on December 7, 2020 through the start of the *Simmons* trial there was absolutely zero time in the undersigned's calendar to accommodate the deposition of Belk. (*Id.*)

## Trial Date

¶49     Beretta asserts that it does not want to lose the September 14 – 25, 2020 trial setting for this case by virtue of the Court allowing the Tosseth family to take the depositions of Haag and Shain and thereafter respond to the Beretta motion for summary judgment.

¶50     The undersigned whole heartedly joins in that desire. In fact, the undersigned wants to try this case more than ever after responding to Beretta's arguments on this discovery issue.

## Necessity of Depositions of Haag and Shain

¶51     The undersigned needs the depositions of Shain and Haag to respond to Beretta's motion for summary judgment. That is why the undersigned requested them on February 10, 2020 and continually since then. It almost seems ridiculous to try and explain because it is so obvious. (*Id.* at 19.)

¶52     As described above, since the disclosure of Beretta's liability experts on January 24, 2020 the Tosseth family has been attempting diligently and aggressively to secure the depositions of

Page **13** of **15**
*Plaintiff's Reply to Beretta's Response to Plaintiff's Request to Modify ¶3 of the
Order Amending Scheduling Order (Doc. 27) and Plaintiff's Request to Extend
Response Time to Beretta's Motion for Summary Judgment (Doc. 36)*

the Beretta's liability experts who provide framework for Beretta's motion for summary judgement. Those expert depositions are exactly what is contemplated by Fed.R.Civ.P. 56(d) as necessary and justifying alteration of the statutory deadlines for a response to a motion for summary judgment. (*Id.*)

¶53     Beretta's relies on both Shain and Haag in the motion for summary judgment. Their opinions are attached as Exhibits #37-8 and #37-9 respectively. Their opinions are rebutted in part when those opinions of both Shain and Haag are tested by counsel for the Tosseth family during examination under oath. (*Id.*)

¶54     The undersigned is entitled to test those opinions via deposition examination and that is what the undersigned has been attempting to do since their disclosure. (*Id.*)

¶55     The undersigned requests that the Court modify the statutory response time so that the undersigned has seven (7) days from the receipt the deposition transcripts of Shain and Haag to submit the response.

## Conclusion

¶56     Given the above, the undersigned counsel respectfully requests the following:

   a. That the Court modify ¶3 of the *Order Amending Scheduling Order* (Doc. 27) to allow the undersigned to take the depositions of Shain and Haag; and

   b. That the Court and Plaintiff's Request to Extend Response Time to Beretta's Motion for Summary Judgment (Doc. 36) so that the undersigned has seven (7) days from the receipt the deposition transcripts of Shain and Haag to submit the response.

**(Remainder of page intentionally left blank.)**

Page **14** of **15**
*Plaintiff's Reply to Beretta's Response to Plaintiff's Request to Modify ¶3 of the
Order Amending Scheduling Order (Doc. 27) and Plaintiff's Request to Extend
Response Time to Beretta's Motion for Summary Judgment (Doc. 36)*

Dated this 7th day of April, 2020.

        PAGEL WEIKUM, PLLP
        1715 Burnt Boat Drive
        Madison Suite
        Bismarck, ND 58503
        (701) 250-1369
        Correspondence: *jweikum@pagelweikum.com*
        Service: *jweikumservice@pagelweikum.com*

        By: <u>/s/ *Jeffrey S. Weikum*</u>
            Jeffrey S. Weikum
            ND Lic. No. 05344

        ATTORNEY FOR PLAINTIFF

Page **15** of **15**
*Plaintiff's Reply to Beretta's Response to Plaintiff's Request to Modify ¶3 of the
Order Amending Scheduling Order (Doc. 27) and Plaintiff's Request to Extend
Response Time to Beretta's Motion for Summary Judgment (Doc. 36)*